**STATE of Utah, Plaintiff and Respondent,**

v.

**Clinton ROBERTS, Defendant and Appellant.**

No. 16098.

Supreme Court of Utah.

May 28, 1980.

Sheldon R. Carter of Utah County Legal Defenders Association, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Before us we have a defendant who was convicted by a jury of uttering a forged check—a violation of 76–6–501. He was sentenced by the trial court to an indeterminate term of not less than one nor more than fifteen years in the State prison. On appeal, defendant seeks in the alternative either a reversal of his conviction, or an order directing he be resentenced. The conviction and sentence are affirmed. All stat-

utory references are to Utah Code Ann., 1953.

During the course of the trial, defendant testified on his own behalf. During cross-examination, the prosecutor inquired whether defendant had been convicted of a felony. Pursuant to 78–24–9, defendant responded. He testified he had been convicted of a felony in 1964, for insufficient funds checks.

■ Defendant did not make an objection to the receipt of the evidence of his prior conviction and thus invoke the exercise of discretion by the trial court. The failure to assert such an objection is understandable in light of the prior decisions of this court. However, if defendant had objected, in view of the nature of his prior conviction (insufficient funds checks), which involved a crime of dishonesty, it would not have constituted an abuse of discretion for the trial court to have refused to exclude the evidence. Under the circumstances the trial court could have found the probative value of the evidence, concerning the issue of defendant's credibility, substantially outweighed any risk this evidence would create a substantial danger of undue prejudice, or confuse the issues, or mislead the jury.

■ Defendant further contends the failure of the trial court to furnish him a copy of a pre-sentence report prior to sentencing, denied him his right to counsel and his right to confrontation of witnesses. This issue is now controlled by this Court's opinion in *State v. Lipsky*, Utah, 608 P.2d 1241. However, the conclusion we reach here, though different from that in *Lipsky*, would nevertheless be reached under *Lipsky*.

After his conviction, defendant requested that prior to sentencing, the trial court have a pre-sentencing report from the Probation and Parole Department. The court acceded to this request. At the time of sentencing, defense counsel queried whether the court could allow probation for this crime. The court responded affirmatively, but stated probation was not indicated in defendant's case. The court said defendant's record was too long, and he had been

in too much trouble. The court inquired if it were not correct defendant had had both probation and parole revoked twice. The court expressed sorrow for sentencing defendant to prison, but there appeared no alternative in defendant's situation.

The trial court further inquired whether there was any legal reason why the court should not proceed to pronounce judgment. Defense counsel said a copy of the pre-sentence report had not been supplied; counsel asserted an objection. Counsel stated defendant was entitled to a copy or at least knowledge of the facts contained in the report. The trial court ordered a copy of defendant's record be made available. Immediately following this dialogue, defendant was sentenced.

Defendant contends since the trial court utilized information in the pre-sentencing report in making its determination to deny probation, defendant's rights were violated by the procedures involved, specifically, the trial court failed to adhere to the procedure set forth in 77–35–12 and 13. Defendant argues the purpose of 77–35–13 is to allow a defendant to appraise and refute the evidence against him with the aid of confrontation and the right of counsel. Defendant urges he was denied these rights by being sentenced prior to the pre-sentencing report being made available to him. In the usual case this point could be well taken.

However, defendant does not contend any of the information in the report was inaccurate or false. Neither does defendant urge he was precluded from presenting any mitigating circumstances to the trial court. The trial court, in fact, stated the specific information in the report upon which it relied in pronouncing sentence and gave defendant an opportunity to refute the matter. Since there appears no basis in the record to indicate defendant would have received probation had he received a copy of the report prior to sentencing, the procedural error may not be deemed prejudicial.

WILKINS and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur, but add this comment: I recognize that the majority opinion in the case of *State v. Lipsky*, Utah, 608 P.2d 1241 (1980), is to be accepted as the law of this state. But because of my conviction as to the evils it portends, I refer to the dissenting opinions therein.

HALL, Justice, concurs in the concurring with comments opinion of Chief Justice CROCKETT.